UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X  Index No.:
ALEXANDRA MUNOZ,

                                        Plaintiff,        **COMPLAINT**

      -against-

THE CITY OF NEW YORK, NYPD OFFICER KIMBERLY   **PLAINTIFF DEMANDS A**
COPLIN (SHIELD NO. 20730), AND NYPD MEMBER DOES   **TRIAL BY JURY**
1-8,

                                         Defendants.
------------------------------------------------------------------------X

      Plaintiff, ALEXANDRA MUNOZ, by her attorney, JESSICA MASSIMI, hereby complains of the Defendants, upon information and belief, as follows:

### PARTIES, VENUE AND JURIDICTION

1. At the time of the civil rights violations described herein, Plaintiff, ALEXANDRA MUNOZ, was a resident of Bronx County.

2. At all relevant times mentioned herein, Defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

3. At all times hereinafter mentioned, Defendant NYPD OFFICER KIMBERLY COPLIN (SHIELD NO. 20730) was a woman employed by the City of New York as a member of the NYPD assigned to the 48th NYPD Precinct. Defendant Coplin is currently assigned to the 48th NYPD Precinct. Defendant Coplin is sued herein in her official and individual capacities.

4. At all times hereinafter mentioned, Defendant NYPD Member Does 1-8, were individuals believed to be assigned to the 48th NYPD Precinct whose true names are currently unknown to Plaintiff. The Doe Defendants are sued herein in their official and individual capacities.

5. During the events described herein, Defendant NYPD Member Does 1-8 were all wearing blue NYPD uniforms, and all but one appeared to be white men. The remaining Doe Defendant appeared to be an Asian man who was assigned to ride in Defendant Coplin's car.

6. Plaintiff timely served a Notice of Claim on the municipal Defendant and complied with all conditions precedent to commencing an action under state law.

7. At least thirty days have elapsed since service of Plaintiff's Notice of Claim and adjustment and payment thereof has been neglected or refused.

8. That the within action has been initiated within one year and ninety days of the accrual of Plaintiff's claims pursuant to New York State Law.

9. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

10. Venue is properly laid, pursuant to 28 U.S.C. § 1391, et seq., in the Southern District of New York, where the Plaintiff and Defendant City of New York reside, and where the majority of the actions complained of herein occurred.

## RELEVANT FACTS

11. On October 22, 2024, at about 7:30 p.m. Plaintiff was lawfully operating her car in the street in front of or near 2445 Beaumont Avenue, Bronx County, City and State of New York.

12. Ms. Munoz was attempting to get to her apartment where she lived on Beaumont Avenue.

13. Prior to arriving at this location, while driving on Arthur Avenue towards her home, Ms. Munoz observed a marked NYPD car running a stop sign and without any lights or sirens on.

14. Ms. Munoz then turned onto East 188th Street toward Beaumont Avenue.

15. While on East 188th Street, a marked NYPD vehicle was driving down East 188th Street in the wrong direction.

16. As Ms. Munoz approached Beaumont Avenue from East 188th Street, she observed another marked NYPD vehicle turning the wrong way off Beaumont Avenue.

17. Ms. Munoz's then two-year old son was with her in her car.

18. At this time, sometime after she had already turned onto Beaumont Avenue, Ms. Munoz also noticed that the police had barricaded the end of Beaumont Avenue at or near an intersection in the direction Ms. Munoz was driving to get to her home.

19. Beaumont Avenue is a one-way street at the location where Ms. Munoz was driving.

20. Police activity including their erratic driving was causing unexpected congestion on Beaumont Avenue.

21. As a result, Ms. Munoz pulled her car over to the side of the street to allow traffic to pass.

22. Ms. Munoz realized that she would be unable to reach her home due to the police presence, unsafe police driving, and chaotic and unforeseen police barricading of her street, and therefore identified a parking spot on Beaumont Avenue where she attempted to park her car so that she would not need to proceed further down Beaumont.

23. Defendant Officer Coplin arrived her in vehicle and directed Ms. Munoz to park her car.

24. Ms. Munoz complied with Defendant Coplin's directive, and put her car in park.

25. Ms. Munoz was not involved in any suspicious or illegal activity, and there was no justification for the Defendants to stop Ms. Munoz.

26. Nonetheless, Ms. Munoz complied.

27. After complying with Defendant Coplin's instructions, Ms. Munoz criticized the Defendants and the police using First Amendment protected, non-threatening language.

28. At the time of this incident, Ms. Munoz was wearing a Kuffiyeh scarf, visible to the Defendants.

29. The NYPD trained the Defendants that they should view Kuffiyeh scarfs as a symbol of hate and antisemitism.[1]

30. Ms. Munoz's Kuffiyeh scarf was not intended to convey any message of hate nor anti-semitism.

31. In response to Ms. Munoz wearing a Kuffiyeh scarf and using language critical of the police, the Defendants retaliated against Ms. Munoz by baselessly subjecting her to excessive force and by falsely arresting her.

32. At this time, Defendants Coplin and NYPD Member Does 1-8 aggressively approached Ms. Munoz, and at least one Defendant believed to be Defendant Coplin forcibly threw Ms. Munoz onto her car.

33. Defendants also verbally abused Ms. Munoz including by telling her to "shut the fuck up."

34. The Defendants continued to use excessive force against Plaintiff by handcuffing her excessively tightly.

35. As a result of Defendants' excessive force against Plaintiff, she sustained pain, scratches, and bruising to her wrists.

36. Plaintiff was not engaged in any suspicious, illegal, or violent activity.

37. Plaintiff was not involved in any activity which would have justified her arrest and there in fact existed no probable cause to justify Plaintiff's arrest.

38. Plaintiff was not engaged in any activity which would have justified the use of force against her.

---

[1] Alex Kane, "Training for NYPD Officers Categorized the Keffiyeh and Watermelon as Antisemitic Symbols," Jewish Currents, Apr 24, 2025, available at https://jewishcurrents.org/training-nypd-keffiyeh-watermelon-antisemitism-israel-palestine.

39. Despite the lack of probable to arrest the Plaintiff, Defendants handcuffed Plaintiff excessively tightly causing her to experience pain, and resulting in her repeatedly complaining of the pain from the handcuffs and requesting that the Defendants loosen the handcuffs, which they repeatedly failed to do.

40. Defendants baselessly transported Plaintiff to a stationhouse of the 52nd Precinct where she was held for several hours before the Defendants transported Plaintiff to Bronx County Central Booking.

41. During her time in Defendants' custody, Defendants continued to verbally abuse Ms. Munoz including when Defendant Coplin told Ms. Munoz "You don't walk me. I walk you."

42. At Bronx County Central Booking, Plaintiff was held for several hours before she was arraigned on false allegations provided by the Defendants.

43. Specifically, Defendant Coplin signed and/or swore out false allegations such as claiming that Plaintiff had engaged in Obstruction of Governmental Administration and Resisting Arrest.

44. Defendant Coplin falsely stated that Ms. Munoz was blocking traffic and preventing Defendant Coplin's vehicle from passing her vehicle.

45. Defendant Coplin also falsely stated that she was unable to respond to a crime scene.

46. However, any such issue, if true, was due to Defendants choosing to harass Ms. Munoz rather than respond to said "crime scene."

47. The Defendants forwarded these false allegations to the Bronx County District Attorney's Office. The Defendants did this despite the false nature of the allegations.

48. Plaintiff was eventually released from custody and forced to return to Court pursuant to the false allegations made by the Defendants.

49. Following Plaintiff's arrest, her criminal charges stemming from this arrest were dismissed in her favor on grounds consistent with her innocence.

50. At no time did Defendants have a legal basis to stop or arrest Plaintiff, nor was it reasonable for the Defendants to believe that such a basis existed.

51. At no time did Defendants have probable cause to seize, detain or arrest the Plaintiff nor was it reasonable for the Defendants to believe that such cause existed.

52. Any no time was there any justification for the use of force against Plaintiff, much less the level of force applied by the Defendants.

53. At no time did any of the defendants, or any other member of the NYPD, take any steps to intervene in, prevent, or otherwise limit the heretofore conduct engaged in by their fellow officers.

54. That at all times relevant herein, the Defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

### FIRST CAUSE OF ACTION
**Unlawful Seizure / False Arrest**
*Pursuant to 42 U.S.C. § 1983 for Defendants' Violations of Plaintiff's Rights Under the Fourth and Fourteenth Amendments to the United States Constitution*

55. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

56. The Individual Defendants willfully and intentionally seized, searched, detained, and arrested Plaintiff, and caused her to be imprisoned, without probable cause, and without a reasonable basis to believe such cause existed.

57. Plaintiff had not been engaged in any criminal conduct, nor was she engaged in any conduct that could reasonably be viewed as criminal nor a basis to justify her arrest.

58. Despite the absence of sufficient legal cause, Plaintiff was arrested and jailed.

59. By so doing, the Individual Defendants subjected Plaintiff to false arrest and imprisonment, and thereby violated and aided and abetted in the violation of Plaintiff's rights under the Fourth Amendment of the United States Constitution.

60. By reason thereof, the Individual Defendants have violated 42 U.S.C §1983 and caused Plaintiff to suffer the deprivation of her liberty, loss of her constitutional rights, physical injuries, and mental anguish.

### SECOND CAUSE OF ACTION
### Deprivation of Fair Trial Rights
*Pursuant to 42 U.S.C. § 1983 for Defendants' Violations of Plaintiff's Rights Protected Under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution*

61. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

62. The Individual Defendants willfully and intentionally fabricated evidence by falsely memorializing claims to have witnessed Plaintiff engaging in criminal or unlawful activity, and then forwarded these materially false claims to the Bronx County District Attorney's Office in order to justify the arrest of Plaintiff, and to justify, bring about and cause Plaintiff to be deprived of her liberty and to be criminally prosecuted.

63. By so doing, the Individual Defendants subjected the Plaintiff to denial of a fair trial and violation of her right to due process by fabricating evidence and otherwise providing prosecutors with a materially false and misleading version of events, and thereby violated Plaintiff's rights under the Fourth, Sixth, and Fourteenth Amendments of the United States Constitution.

64. By reason thereof, the Individual Defendants have violated 42 U.S.C. §1983 and caused Plaintiff to suffer the deprivation of her liberty, loss of her constitutional rights, physical injuries, and mental anguish.

### THIRD CAUSE OF ACTION
**Malicious Prosecution**
*Pursuant to 42 U.S.C. § 1983 for Defendants' Violations of Plaintiff's Rights Protected Under the Fourth and Fourteenth Amendments to the United States Constitution*

65. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

66. The Individual Defendants willfully and intentionally caused Plaintiff to be subjected to criminal prosecution by falsely memorializing claims to have witnessed Plaintiff engaging in criminal or unlawful activity, and then forwarded these materially false claims to the Bronx County District Attorney's Office.

67. The criminal prosecution caused Plaintiff to suffer a deprivation of liberty before Plaintiff's criminal charges were terminated favorably.

68. By so doing, the Individual Defendants caused Plaintiff to be maliciously prosecuted, and thereby violated Plaintiff's rights under the Fourth, and Fourteenth Amendments of the United States Constitution.

69. By reason thereof, the Individual Defendants have violated 42 U.S.C. §1983 and caused Plaintiff to suffer the deprivation of her liberty, loss of her constitutional rights, physical injuries, and mental anguish.

## FOURTH CAUSE OF ACTION
### Excessive Force
*Pursuant to 42 U.S.C. § 1983 for Defendants' Violations of Plaintiffs' Rights Under the Fourth and Fourteenth Amendments to the United States Constitution*

70. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

71. As a result of the Defendants' conduct, Plaintiff was subjected to excessive force.

72. By reason thereof, the Individual Defendants violated 42 U.S.C. §1983 and caused Plaintiff to suffer the deprivation of her liberty, loss of her constitutional rights, physical injuries, and mental anguish.

## FIFTH CAUSE OF ACTION
### First Amendment Retaliation
*Pursuant to 42 U.S.C. §1983 for Defendants' Violations of Plaintiff's Rights Under the First and Fourteenth Amendments to the United States Constitution*

73. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

74. At the time of the events described herein, Plaintiff was engaged in First Amendment protected activity.

75. Defendants retaliated against Plaintiff for engaging in speech and/or conduct protected by the First Amendment.

76. Defendants engaged in the acts and omissions complained of herein in retaliation for Plaintiff's protected speech and/or conduct.

77. Defendants engaged in the acts and omissions complained of herein in order to prevent Plaintiff from continuing to engage in such protected speech and/or conduct.

78. Defendants engaged in the acts and omissions complained of herein in order to prevent and/or discourage Plaintiff from engaging in similar protected conduct in the future.

79. Additionally, as discussed elsewhere herein, Defendants designed and/or implemented policies and practices pursuant to which those Defendants who implemented them subjected Plaintiff to violations of the First Amendment rights.

80. Upon information and belief, Defendants engaged in the acts and omissions complained of herein with respect to Plaintiff's First Amendment-based claims—including the related municipal liability claims involving the adoption of policies, practices, and/or customs and/or related failures to train, supervise, and/or discipline—with malice.

81. Upon information and belief, Defendants engaged in the acts and omissions complained of herein with respect to Plaintiff's First Amendment retaliation claims—including the related municipal liability claims involving the adoption of policies, practices, and/or customs and/or related failures to train, supervise, and/or discipline—in response to the perceived viewpoint and/or message expressed by Plaintiff.

82. Plaintiff suffered actual chill in that each Plaintiff was prevented and/or deterred from or impeded in participating in protected conduct on the date of and after the incident; and/or suffered adverse effects on their protected speech and/or conduct; and/or otherwise suffered some concrete harm(s).

83. As a result of Defendants' acts and omissions, Defendants deprived Plaintiff of her federal, state, and/or other legal rights; caused Plaintiff bodily injury, pain, suffering, psychological and/or emotional injury, and/or humiliation; caused Plaintiff to expend costs and expenses; and/or otherwise damaged and injured Plaintiff.

84. The unlawful conduct of the Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

### SIXTH CAUSE OF ACTION
**Municipal Liability**
*Pursuant to 42 U.S.C. 1983 and Monell v. Department of Social Services, 436 U.S. 658 (1978) for Defendants' Violations of Plaintiff's Rights Under the First, Fourth, and Fourteenth Amendments to the United States Constitution*

85. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

86. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

87. Defendant City of New York had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, abuse of arrest powers, fabrication of evidence, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD.

88. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the Plaintiff herein.

89. Defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of

the state and federal constitutions, as well as the Patrol Guide, up to and beyond the Plaintiff's arrest.

90. The acts complained of herein are a direct and proximate result of the failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police and correction officers and supervisory officers.

91. The failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police and correction officers and supervisory officers constitutes gross and deliberate indifference to unconstitutional conduct by those officers.

92. The official policies, practices and customs of the City of New York and the NYPD alleged herein violated Plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the Constitution of the United States.

93. All of the acts and omissions by the Individual Defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures, and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD.

94. Therefore the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of the Plaintiff's rights in particular.

95. By reason thereof, the municipal defendant has violated 42 U.S.C. §1983 and caused Plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of her constitutional rights.

## SEVENTH CAUSE OF ACTION
### Civil Rights Violations Pursuant to New York State Law
*Against the City of New York and Individual Defendants*

96. Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

97. Plaintiff was subjected to false arrest, excessive force, malicious prosecution, denial of due process and fair trial, through the defendants' use of fabricated evidence and the making of false statements.

98. At no time did Defendants have any legal basis for arresting Plaintiff, subjecting her to prosecution, or commencing criminal process against them, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

99. The Defendants are therefore liable under New York law to Plaintiff for false arrest, malicious prosecution, denial of due process and fair trial, and excessive force.

100. By reason thereof, Defendants have caused Plaintiff to suffer emotional and physical injuries, mental anguish, the loss of her constitutional rights, and unlawful incarceration.

## EIGHTH CAUSE OF ACTION
### Pursuant to N.Y.C Admin. Code §§8-802, et seq.
*Against the City of New York and Individual Defendants*

101. Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

102. Plaintiff was subjected to unreasonable search and seizure, false arrest, excessive force, malicious prosecution, denial of due process and fair trial, through the defendants' use of fabricated evidence and the making of false statements.

103. Each of the individual defendants failed to intervene regarding the unconstitutional conduct of each other.

104. At no time did Defendants have any legal basis for arresting Plaintiff, subjecting her to prosecution, or commencing criminal process against her, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

105. The Defendants are therefore liable under New York City law to Plaintiff for false arrest, malicious prosecution, denial of due process and fair trial, and excessive force.

106. By reason thereof, Defendants have caused Plaintiff to suffer emotional and physical injuries, mental anguish, the loss of her constitutional rights, and unlawful incarceration.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the Plaintiff demands judgment against the Individual Defendants and the City of New York as follows:

i. actual and punitive damages against the Individual Defendants in an amount to be determined at trial;

ii. actual damages in an amount to be determined at trial against the City of New York;

iii. statutory attorney's fees pursuant to, inter alia, 42 U.S.C. §1988 and New York common law, disbursements, and costs of the action; and

iv. such other relief as the Court deems just and proper.

Dated: New York, New York
October 3, 2025

                                                JESSICA MASSIMI

By: /s/ Jessica Massimi
                                                MASSIMI LAW PLLC
                                                99 Wall Street, Suite 1264
                                                New York, NY  10005
                                                646-241-9800
                                                Jessica.Massimi@gmail.com